ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ASOCIACIÓN DE RESIDENTES DE SABANERA DEL RÍO, INC.<br><br>RECURRENTES<br><br>V.<br><br>DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO OFICINA DE GERENCIA DE PERMISOS (OGPe)<br><br>RECURRIDO | TA2026RA00053 | *REVISIÓN JUDICIAL* procedente de la Oficina de Gerencia de Permisos (OGPe)<br><br>Caso Núm.: 2025-652990-SDR-303269<br><br>Sobre: Permiso de Construcción |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de junio de 2026.

Comparece ante nos, la Asociación de Residentes de Sabanera del Río, Inc. (en adelante, "la Asociación" o "recurrente"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la *Resolución de Revisión Administrativa,* emitida y notificada el 15 de enero de 2026, por la Oficina de Gerencia de Permisos del Gobierno de Puerto Rico (en adelante, "la OGPe"). Mediante el referido dictamen, el foro administrativo declaró No Ha Lugar la solicitud de revisión administrativa 2025-652990-SDR-303269. En su consecuencia, se confirmó el Permiso de Construcción Consolidado Núm. 2025-648172-PCOC-318603 expedido por la OGPe, a favor de Audeliz Lebrón Rosa (en adelante, "Lebrón Rosa"), en conjunto y en lo sucesivo "recurridos".

Por los fundamentos que exponemos a continuación, se desestima el recurso presentado por falta de jurisdicción. Veamos.

**I.**

El 16 de septiembre de 2025, la OGPe expidió el Permiso de Construcción Núm. 2025-648172-PCOC-318603[1], a favor de Lebrón Rosa, para la ampliación de la residencia, piscina y verja de su propiedad. Dicha propiedad se encuentra en la Urbanización Sabanera del Río, en el Municipio de Gurabo (en adelante, "Sabanera del Río")[2], la cual está gravada por condiciones restrictivas.[3]

El 17 de septiembre de 2025, la Asociación presentó ante la División de Revisiones Administrativas (en adelante "DRA") de la OGPe, un *Recurso de Revisión Administrativa*[4]. Alegó que Lebrón Rosa nunca solicitó al Comité Arquitectónico de la Asociación la autorización debida para la obra que había construido. Adujo que ese mismo día fue notificado de una serie de documentos añadidos al expediente digital por parte de Lebrón Rosa, que incluyó un supuesto endoso del Comité Arquitectónico para la obra realizada. Expresó, además, que el mencionado endoso era uno fraudulento, ya que no era el formulario oficial de autorización del Comité Arquitectónico. Alegó que el documento presentado no contenía las tres (3) firmas requeridas, el timbre de la Asociación, ni las advertencias, por lo que solicitó la revocación del permiso impugnado.

Luego de varios trámites procesales, y celebrada una vista administrativa el 8 de enero de 2026, la DRA emitió la *Resolución de Revisión Administrativa* que hoy nos ocupa, el día 15 del mismo mes y año.[5] El foro revisor administrativo concluyó que, de la prueba presentada

---

[1] Anejo Núm. 1 de la Entrada Núm. 1 del Sistema Unificado de Administración y Manejo de Casos del Tribunal de Primera Instancia (SUMAC TPI).

[2] El 25 de agosto de 2025, la OGPe emitió una *Resolución sobre Solicitud de Intervención* (Anejo Núm. 2 de la Entrada Núm. 1 del SUMAC TPI), por la cual declaró Ha Lugar una Solicitud de Intervención promovida por la Asociación en el caso sobre el Permiso de construcción antes mencionado.

[3] Cabe destacar que estas condiciones restrictivas requieren que toda obra o mejora a ser construida por los titulares debe ser previamente aprobada por el Comité de Arquitectura designada por la Asociación. Además, dicha obra tiene que comenzar en o antes de cumplirse el año de ser aprobada.

[4] Entrada Núm. 1 del SUMAC TPI.

[5] Anejo Núm. 2 de la Entrada Núm. 1 del Sistema Unificado de Administración y Manejo de Casos del Tribunal de Apelaciones (SUMAC TA).

durante el trámite de revisión administrativa, no surge evidencia competente que demuestre que el endoso presentado era falso, que fue emitido sin autoridad o que contenía información materialmente fraudulenta. Por ello, declaró No Ha Lugar la solicitud de revisión administrativa 2025-652990-SDR-303269. En su consecuencia, se confirmó el Permiso de Construcción Consolidado Núm. 2025-648172-PCOC-318603 expedido por la OGPe, a favor de Lebrón Rosa.

Inconforme, el 8 de febrero de 2026, la parte recurrente compareció ante nos mediante un *Recurso de Revisión Judicial* [6] y esbozó los siguientes señalamientos de error:

**PRIMER SEÑALAMIENTO DE ERROR**: ERRÓ LA OGPE, ABUSANDO DE SU DISCRECIÓN Y SIN FUNDAMENTO EN DERECH[O], AL NEGAR A ESTA PARTE RECURRENTE SU DERECHO A SER OÍDO Y PRESENTAR PRUEBA BASADO EN LA DECISIÓN ERRÓNEA DE LA AGENCIA DE RECHAZAR LA RESOLUCIÓN CORPORATIVA AUTORIZANDO AL PRESIDENTE DE LA CORPORACIÓN A TESTIFICAR A NOMBRE DE ESTA POR "FALTA DE ACREDITACIÓN SUFICIENTE DE LA CAPACIDAD REPRESENTATIVA", FUNDAMENTADO EN QUE LE FALTABA EL SELLO CORPORATIVO, CUANDO ÉSTE NO ES UN REQUISITO LEGAL PARA SU VALIDEZ; CONSTITUYÉNDOSE ASÍ VIOLACIÓN AL DEBIDO PROCESO DE LEY CONSTITUCIONAL DE ESTA PARTE RECURRENTE.

**SEGUNDO SEÑALAMIENTO DE ERROR**: ERRÓ LA OGPE, VIOLANDO EL DEBIDO PROCESO DE LEY DE TODAS LAS PARTES, CUANDO ORDENÓ -DURANTE LA VISTA ADMINISTRATIVA DEL RECURSO DE EPÍGRAFE- A LOS TESTIGOS DE ESTA PARTE RECURRENTE A TESTIMONIAR (1) EN SU CALIDAD PERSONAL NO REPRESENTATIVA DE ESTA PARTE-, (2) EXPRESAMENTE SOBRE SUS DAÑOS PERSONALES Y (3) CIRCUNSCRIBIENDO SU CONOCIMIENTO PERSONAL A OMITIR CUALQUIER CONOCIMIENTO QUE HUBIESE PODIDO OBTENER EN SU CALIDAD DE PRESIDENTE DE LA ASOCIACIÓN RECURRENTE; CUANDO NO EXISTÍAN ALEGACIONES AFIRMATIVAS EN EL RECURSO ADMINISTRATIVO DE HECHOS PERSONALES, NI MUCHO MENOS DAÑOS PERSONALES, DE ESTOS TESTIGOS Y QUE LA RESTRICCIÓN AL CONOCIMIENTO PERSONAL FUE ARBITRARIA E IRRAZONABLE.

**TERCER SEÑALAMIENTO DE ERROR**: ERRÓ LA OGPE -LUEGO DE IMPEDIRLE A ESTA PARTE RECURRENTE SER OÍDO Y PRESENTAR PRUEBA EN LA VISTA , IGNORANDO LOS PROPIOS CRITERIOS DE SU REGLAMENTO CONJUNTO, QUE LA OBLIGAN, AL NO BASAR SU DETERMINACIÓN FINAL EN TODO EL EXPEDIENTE ADMINISTRATIVO; SIGNIFICANDO UN ABUSO DE DISCRECIÓN DE LA AGENCIA.

Examinado lo anterior, el 13 de febrero de 2026, emitimos una *Resolución*, notificada el día 17 del mismo mes y año, en la que dispusimos

---

[6] Entrada Núm. 1 del SUMAC TA.

que la parte recurrente tendría treinta (30) días para presentar la transcripción de la prueba oral ("TPO"). Asimismo, dispusimos que la parte recurrida tendría treinta (30) días para presentar su alegato, contados desde que este Tribunal acogiera debidamente la TPO presentada.

El 13 de abril de 2026, la parte recurrente presentó la referida TPO, junto con una *Moción en Cumplimiento de Orden y Anunciando Presentación de Alegato Suplementario*.[7]

El 20 de mayo de 2026, Lebrón Rosa presentó un escrito intitulado *Solicitud de Desestimación – Alegato del Concesionario*.[8] En síntesis, alegó que este foro carece de jurisdicción para adjudicar la controversia. Ello, debido a que la parte recurrente no notificó a la DRA del recurso presentado ante este Tribunal. Adujo que, ya que la DRA es quien emitió la *Resolución* recurrida, este es el foro recurrido, por lo que debía ser notificado y no lo fue. En cuanto a los errores señalados, adujo que no se cometieron y que la DRA correctamente resolvió la solicitud de revisión administrativa.

El 26 de mayo de 2026, la parte recurrente presentó una *Moción (I) Informativa; (II) En Oposición a Desestimación y; (III) Presentando Alegaciones Sobre Controversias No Contenidas en el Recurso del Alegato de Co-Recurrido*.[9] Alegó que bastaba con notificar a la OGPe, ya que la Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ____ (2025), permite que se notifique a "la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre".

El 28 de mayo de 2026, la OGPe, como parte co-recurrida, presentó su *Alegato en Oposición a Recurso de Revisión Judicial*.[10] En resumen, alegó que la solicitud de permiso de construcción que tuvo ante sí no estaba condicionada a la obtención de un endoso por parte de la Asociación de Residentes. Adujo que, por el contrario, lo que evaluó fue

---

[7] Entrada Núm. 12 del SUMAC TA.
[8] Entrada Núm. 16 del SUMAC TA.
[9] Entrada Núm. 18 del SUMAC TA.
[10] Entrada Núm. 20 del SUMAC TA.

una solicitud de permiso ministerial para una estructura existente, certificada, firmada y sellada por un proyectista. Sostuvo que, aun si la parte recurrente hubiese probado que el endoso no fue emitido por la Asociación, eso no implicaba, necesariamente, que el permiso expedido adoleciera de deficiencias insalvables que impidieran su eficacia jurídica.

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco doctrinal a la controversia que hoy nos ocupa.

**II.**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos o controversias. *Friger Salgueiro v. Mech-Tech College, LLC y otros,* 2026 TSPR 30; *Greene y otros v. Biase y otros,* 2025 TSPR 83 (2025); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *JJJ Adventure, LLC v. Consejo de Titulares del Condominio Adaligia; Aseguradora X,* 2025 TSPR 123; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

En lo aquí concerniente, la Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ____ (2025), dispone que, cuando se presenta un recurso de revisión frente al Tribunal de Apelaciones, "[l]a parte recurrente notificará el escrito de revisión debidamente sellado con la fecha y hora de su presentación a […] las partes, así como a la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre, dentro del término para presentar el recurso, **siendo este un término de cumplimiento estricto**". (Énfasis Nuestro).

Ahora bien, la Ley para la Reforma del Proceso de Permisos de Puerto Rico, según enmendada, 23 LPRA sec. 9011 *et seq.*, (Ley Núm. 161-2009), dispone que el término para la notificación del recurso es uno más limitado. El Artículo 13.2 establece que la parte recurrente notificará el recurso presentado "**el mismo día de haber presentado el recurso[…] Este requisito es de carácter jurisdiccional.**", 23 LPRA sec. 9023a. (Énfasis Nuestro).

Contrario a un término de cumplimiento estricto, el término jurisdiccional es *fatal, improrrogable e insubsanable*, por lo que no puede acortarse, y tampoco es susceptible de extenderse. *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000), citando a R. Hernández Colón, *Derecho Procesal Civil*, San Juan, Ed. Michie, 1997, págs. 154-155. Esta atribución de carácter jurisdiccional "tiene graves consecuencias procesales, ya que [e]ste tiende a privar al foro judicial de autoridad para entender en el pleito o reclamación" *J. Directores v. Ramos,* 157 DPR 818, 824 (2002). Por ello, ese carácter jurisdiccional tiene que estar dispuesto claramente por ley. *Id.*

### III.

En el caso ante nuestra consideración, en septiembre de 2025, la parte recurrente presentó un recurso de revisión ante la División de Revisiones Administrativas de la OGPe. Ello, a raíz de la otorgación de un permiso de construcción a favor de Lebrón Rosa, por la recurrente entender que se otorgó a base de documento fraudulento de endoso.

El 8 de enero de 2026, la DRA celebró una vista administrativa. A dicha vista comparecieron tres partes. Primero, la Asociación de Residentes como parte recurrente. Segundo, Lebrón Rosa, como concesionario; y tercero, la OGPe, como parte recurrida. Luego de escuchados los planteamientos de las partes, el Juez Administrador de la DRA determinó No Ha Lugar la solicitud de revisión administrativa.

Inconforme con dicho dictamen, la parte recurrente presentó ante esta Curia un recurso de revisión judicial, el 8 de febrero de 2026. En dicho escrito, impugnó la determinación de la DRA, en cuando a la denegatoria

de revisión y su consecuente confirmación del permiso de construcción, expedido a favor de Lebrón Rosa. Ahora bien, en el momento de la presentación del referido recurso, la parte recurrente lo notificó a la OGPe y otras partes. Sin embargo, no le notificó la presentación del recurso a la DRA, foro recurrido en la presente revisión.

La parte recurrente, en su escrito de oposición a la desestimación solicitada por Lebrón Rosa, se limitó a alegar que la notificación a la OGPe bastaba. No le asiste la razón.

Al analizar conjuntamente el Reglamento del Tribunal de Apelaciones, *supra*, y el requisito de notificación dispuesta en la Ley Núm. 161-2009, *supra*, es evidente que era deber de la parte recurrente notificarle a la agencia de cuyo dictamen se recurre, el mismo día de haber presentado el recurso. Dicho requisito del término es uno de carácter jurisdiccional, según el Artículo 13.2 de la Ley Núm. 161-2009, *supra*.

Cabe señalar que la DRA es un organismo adscrito a la OGPe, con la función de revisar las actuaciones y determinaciones de la OGPe, entre otros. Artículo 11.1 de la Ley Núm. 161-2009, 23 LPRA sec. 9021m. Dentro de esa función, tiene la facultad de celebrar vistas y adjudicar asuntos presentados ante sí. Artículo 11.3 de la Ley Núm. 161-2009, 23 LPRA sec. 9021o. O sea, es un foro adjudicador y revisor de las determinaciones de la OGPe. Es esa adjudicación realizada por la DRA de la cual recurre la parte recurrente frente a este Tribunal de Apelaciones. En este caso, la OGPe compareció a la vista administrativa celebrada como parte y la DRA es quien emitió la *Resolución* recurrida.

De hecho, el Artículo 11.6 de la Ley Núm. 161-2009 especifica que una parte adversamente afectada por una determinación final de la OGPe "**podrá** presentar una solicitud de revisión administrativa ante la [DRA]". 23 LPRA sec. 9021r. (Énfasis Nuestro). Sin embargo, puntualiza que dicha presentación de una solicitud de revisión frente a DRA "**no es un requisito jurisdiccional previo** a la presentación de una solicitud de revisión de decisión administrativa frente el Tribunal de Apelaciones". Id. (Énfasis

Nuestro). Por lo que, la presentación de una solicitud de revisión frente a la DRA es una de jurisdicción voluntaria.

Debido a que el foro de cuyo dictamen se recurre es la DRA, era deber del recurrente notificarle la presentación del presente recurso. La notificación a la OGPe por sí sola, no es suficiente. Y como sabemos, incumplir con un término jurisdiccional, es un requisito insubsanable, *Martínez, Inc. v. Abijoe Realty Corp.*, supra.

Conforme al derecho antes expuesto, la presentación de un recurso de revisión frente a este Tribunal debe ser notificada a las partes, así como a la agencia de cuya determinación se recurre. Regla 58(B)(1) del Reglamento del Tribunal de Apelaciones, *supra.* Más aun, cuando la solicitud de revisión esté amparada bajo la Ley Núm. 161-2009, *supra*, dicha notificación se deberá llevar a cabo el mismo día en que se presenta el recurso, y dicho término es jurisdiccional. Como resultado del incumplimiento por la parte recurrente con el requisito de notificación a la DRA como foro recurrido, del recurso de revisión presentado, este foro carece de jurisdicción para atender el mismo.

**IV.**

Por los fundamentos antes expuestos, se desestima el presente Recurso de Revisión Judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones